By the Court:

Both objections are well taken. By an act passed the 4th February 1812, it was expressly enacted that in case of the death or removal of a justice of the peace before whom a judgment had been given, such judgment might be revived, and carried into effect, by scire facias before another justice. But that act was repealed by the 65th section of the act of 12th February 1818, (Rev. Laws, 629. — 648.) by the 54th section of which, a sc we facias is given to revive an unsatisfied judgment, of more than one year’s standing: but such scire facias must be issued by the same justice, before whom, the judgment was obtained.
When therefore the justice who rendered a judgment, is alive and in office, a sairefaeias must be issued by him, and not by another justice. If the justice is dead, or out of commission, the only remedy is by action of debt on the judgment: and such action may be brought in all cases, and may be instituted before any justice. The other objection, is equally fatal. The judgment on a scire facias, instead of being, as in this case, for a certain sum of debt, and costs, should have been simply, that the plaintiff have execution &c. (see a proper form of entry, in the N. J. Justice, 73. 2d. edition.) These points have been repeatedly ruled by this Court: as in Boylan v. Anderson, Penn. R. 529, Woolston v. Gale and al. 4 Halst. 32, Swisher v. Hibler, 2 South. R. 808, Walton v. Vanderhoof, Penn. R. 73.

Judgment Reversed.